# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DAWN M. LONG, <br><br> Plaintiff, <br><br> v. <br><br> EMONEYUSA HOLDINGS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:19-cv-01154 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Dawn M. Long ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of eMoneyUSA Holdings, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and maintains significant business contacts in the Western District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. eMoneyUSA Holdings, LLC is a company that provides installment loans to consumers operating from its principal place of business in Leawood, Kansas.

**FACTS SUPPORTING CAUSES OF ACTION**

6. On or around May 2019, Plaintiff obtained a high-interest installment loan from Defendant ("subject debt").

7. Due to financial hardship, Plaintiff fell behind on her payments towards the subject debt.

8. One or around July 2019, Plaintiff started to receive unsolicited text messages from Defendant to her cellular phone number (830) XXX-0567 attempting to collect the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

10. On or around September 10, 2019, after Plaintiff had received approximately 19 text messages from Defendant, Plaintiff replied, "stop."

11. Failing to acquiesce to Plaintiff's demand that it stop sending text messages, Defendant continued to text Plaintiff without her consent.

12. Furthermore, Plaintiff informed Defendant that she had retained an attorney and provided Defendant with her attorney's contact information in writing.

13. Notwithstanding Plaintiff's request that Defendant cease sending text messages to

her cellular phone, Defendant sent or caused to be sent numerous text messages to Plaintiff's cellular phone between September 2019 and the present day.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times in one day, and on back to back days, which such frequency as can be reasonably expected to harass.

## DAMAGES

15. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

16. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

17. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

21. The TCPA defines TFM as "equipment which has the capacity…to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

22. Upon information and belief, based on Defendant's frequency and content of the text messages, Defendant used a TFM.

23. Defendant violated the TCPA by sending no less than seven text messages to Plaintiff's cellular phone after being told to stop, using a TFM without her prior consent.

24. Any prior consent, if any, was revoked by Plaintiff's reply "stop" to the harassing text messages.

25. As pled above, Plaintiff was severely harmed by Defendant's collection texts to her cellular phone.

26. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

27. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

28. Defendant, through its agents, representatives, subsidiaties, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

29. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum

of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, DAWN M. LONG, respectfully prays this Honorable Court for the following relief:

    a. Declare Defendant's text messages to Plaintiff to be in violation of the TCPA;
    b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and
    c. Awarding Plaintiff costs and reasonable attorney fees;
    d. Enjoining Defendant from further contacting Plaintiff; and
    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann §392.001(1).

32. The alleged subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann § 392.001(6) and (7).

   a. **Violations of TDCA § 391.302**

34. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4) states that "debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

35. Defendant violated the TDCA when it continuously sent text messages to Plaintiff's cellular phone after she informed it to stop contacting her. This repeated behavior of systematically texting Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of text messages shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

36. Furthermore, Defendant relentlessly contacted Plaintiff multiple times per day on numerous occasions. Sending such texts on the same day in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payments in violation of the TDCA.

37. Moreover, Defendant continued to text Plaintiff even after she provided Defendant with her attorney's direct contact information in writing.

38. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection text messages. Nevertheless, Defendant consciously chose to continue sending text message to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, DAWN M. LONG, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. §392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. §392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. §392.403(b); and
f. Award any other relief as this Honorable Court deems just and proper.

Plaintiff demands trial by jury.

Dated: September 24, 2019				Respectfully Submitted,

						/s/ Alexander J. Taylor
						/s/ Marwan R. Daher
						/s/ Omar T. Sulaiman
						Alexander J. Taylor, Esq.
						Marwan R. Daher, Esq.
						Omar T. Sulaiman, Esq.
						*Counsel for Plaintiff*
						Sulaiman Law Group, Ltd
						2500 S Highland Ave, Suite 200
						Lombard, IL 60148
						Telephone: (630) 575-8181
						ataylor@sulaimanlaw.com
						mdaher@sulaimanlaw.com
						osulaiman@sulaimanlaw.com